UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WEIR SLURRY GROUP, INC.,
a Wisconsin corporation, and
WEIR WARMAN, LTD.
an Australian corporation,

        Case No. _____

    Plaintiffs,

v.

SCHUR & COMPANY, INC.,

    Defendant.
_____/

**COMPLAINT**
**(JURY TRIAL DEMANDED)**
**(INJUNCTIVE RELIEF SOUGHT)**

Plaintiffs Weir Slurry Group, Inc. ("WSG") and Weir Warman, Ltd. ("WWL") as a complaint against Defendant Schur & Company, Inc. ("Schur") allege and state as follows:

**FIRST CAUSE OF ACTION**
**(Trademark Infringement -- 15 U.S.C. § 1114)**

1. Plaintiff WSG is a Wisconsin corporation with its principal place of business at 2701 South Stoughton Road, Madison, WI 53707. WSG is engaged in the business of manufacturing, distributing and selling pumps and pump components, among other things.

2. Plaintiff WWL is an Australian corporation with its principal place of business at 1 Marden Street, Artarmon, New South Wales, Australia. WWL is engaged in the business of manufacturing, distributing and selling pumps and pump components, among other things.

3. Defendant Schur is a Florida corporation with its principal place of business at 519 East 7th Street, Jacksonville, FL 32206. Schur is engaged in the business of distributing and selling pumps and pump components, among other things.

4. This is a civil action for trademark infringement, false designation of origin, unfair competition, illegal importation of trademarked merchandise and conversion. The Court has jurisdiction of this action under 28 U.S.C. §§ 1331, 1332, 1338 and 1367.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) in that Schur is located in this District and a substantial part of the events and omissions giving rise to the claims which are the subject of this action occurred within this District and within the Tampa Division of this District, including, without limitation, the following:

    a. In May, 2004, Schur sold to a company in Mulberry, Florida, pump parts unlawfully labeled with the WARMAN mark described below. In August, 2004, Schur also sold to a company located in Tampa, Florida, a pump part in connection with which Schur unlawfully used the GALIGHER mark described below. In so doing, Schur used the WARMAN and GALIGHER marks without authorization. Mulberry and Tampa are located in the Tampa Division of this District.

    b. Plaintiffs believe further investigation and discovery are likely to show that Schur has sold additional products bearing one or more of the WWL Marks and WSG Marks, described below, in the Tampa Division of this District, and that Schur has made other unauthorized uses of one or more of the WWL Marks and WSG Marks in Tampa, Florida and its vicinity without authorization.

6. WWL is the owner of each of the following trademarks registered with the United States Patent and Trademark Office (collectively "WWL Marks"):

      a. United States Registration No. 654,754 for HAZLETON.

      b. United States Registration No. 1,161,637 for WARMAN.

7. WSG is the owner of each of the following trademarks registered with the United States Patent and Trademark Office (collectively "WSG Marks"):

      a. United States Registration No. 871,731 for GALIGHER.

      b. United States Registration No. 2,683,128 for ASH PUMP.

8. At all times material to this action, WSG held a license from WWL to use the WWL Marks in North America.

9. Schur has used the WARMAN and GALIGHER marks without permission with respect to products it has offered for sale and has sold and in order to promote its business. Such uses include without limitation the following:

      a. Schur's statement on its website that it is a "top supplier of … Warman Pumps and parts."

      b. Schur's statement on its website that its Parts Division "is your single source" for various types of pumps and parts including WARMAN, ASH, GALIGHER and HAZLETON pumps.

      c. Schur's statement on its website that it "offer[s] replacement parts for all manufacturers of pumps," followed by a listing of pump manufacturers including Ash, Hazleton, Galigher and Warman.

      d. Schur's use of its website of part numbers identical to WSG's parts numbering system and Schur's display on its website of pictures of parts bearing the WARMAN Mark.

      e. Schur's sale of parts labeled with the WARMAN mark, which parts were so labeled without plaintiffs' permission or authorization, and Schur's palming off of such parts as parts manufactured by Warman, approved and endorsed by Warman or otherwise affiliated or associated with Warman.

10. WWL and WSG have asked Schur to cease and desist using the WWL Marks and WSG Marks without permission, but Schur has failed to cease and desist from such use.

11. By the actions described in paragraphs 9 and 10 above, Schur has infringed and is continuing to infringe WWL's and WSG's right, title and interest in the WWL Marks and WSG Marks and each of them in violation of 15 USC §§ 1114. Schur's infringing acts have damaged WWL and WSG in various respects, including without limitation loss of business, revenues and goodwill.

12. If Schur continues to infringe WWL's and WSG's right, title and interest in the WWL Marks and WSG Marks, WWL and WSG will be irreparably harmed and will be harmed in a manner such that they cannot be fully compensated by an award of damages.

## SECOND CAUSE OF ACTION
### (False Designation of Origin – 15 U.S.C. § 1125(a))

13. Plaintiffs reallege paragraphs 1-10 above, which are incorporated by reference.

14. Schur has used and is using the WWL Marks and WSG Marks in a manner which is likely to cause confusion and mislead consumers as to the origin, sponsorship and approval of the goods offered by Schur for sale on its website and otherwise, all in violation of 15 U.S.C. § 1125(a).

15. Such acts have damaged WWL and WSG in various respects, including without limitation loss of business, revenues and goodwill.

16. If Schur continues to act in the manner described in paragraph 14 above, WWL and WSG will be irreparably harmed and will be harmed in a manner such that they cannot be fully compensated by an award of damages.

### THIRD CAUSE OF ACTION
### (Unfair Competition – Fla. Stats. § 501.204)

17. WWL and WSG reallege paragraphs 1-10 above, which are incorporated by reference.

18. Schur has engaged in unfair and deceptive acts and practices and unfair methods of competition, all in violation of Fla. Stat. § 501.204.

19. Such acts have harmed WWL and WSG in various respects, including without limitation loss of business, revenues and goodwill.

20. If Schur continues to act in the manner described in paragraph 18 above, WWL and WSG will be irreparably harmed and will be harmed in a manner such that they cannot be fully compensated by an award of damages.

### FOURTH CAUSE OF ACTION
### (Common Law Unfair Competition)

21. WWL and WSG reallege paragraphs 1-10 above, which are incorporated by reference.

22. Schur has engaged in unfair and deceptive acts and practices and unfair methods of competition, all in violation of the common law.

23. Such acts have harmed WWL and WSG in various respects, including without limitation loss of business, revenues and goodwill.

24. If Schur continues to act in the manner described in paragraph 22 above, WWL and WSG will be irreparably harmed and will be harmed in a manner such that they cannot be fully compensated by an award of damages.

### FIFTH CAUSE OF ACTION
### (Importation of Trademarked Merchandise – 19 U.S.C. § 1526(a))

25. Plaintiffs reallege paragraphs 1-10 above, which are incorporated by reference.

26. On information and belief, Schur has imported into the United States merchandise of foreign manufacture bearing one or more of the WSG Marks and the WWL Marks, all in violation of 19 U.S.C. § 1526(a).

27. On information and belief, neither plaintiffs nor any other person or entity authorized any of the the WSG Marks and the WWL Marks to be placed on the merchandise referred to in paragraph 26 above.

28. Such acts have damaged WWL and WSG in various respects, including without limitation loss of business, revenues and goodwill.

29. If Schur continues to act in the manner described in paragraph 26 above, WWL and WSG will be irreparably harmed and will be harmed in a manner such that they cannot be fully compensated by an award of damages.

### SIXTH CAUSE OF ACTION
### (Importation of Trademarked Merchandise – 15 U.S.C. § 1124)

30. Plaintiffs reallege paragraphs 1-10 above, which are incorporated by reference.

31. On information and belief, Schur has imported into the United States merchandise of foreign manufacture which copies one or more of the WSG Marks and the WWL Marks, all in violation of 15 U.S.C. § 1124.

32. On information and belief, neither plaintiffs nor any other person or entity authorized copying of the WSG Marks and the WWL Marks as described in paragraph 31 above.

33. Such acts have damaged WWL and WSG in various respects, including without limitation loss of business, revenues and goodwill.

34. If Schur continues to act in the manner described in paragraph 31 above, WWL and WSG will be irreparably harmed and will be harmed in a manner such that they cannot be fully compensated by an award of damages.

### SEVENTH CAUSE OF ACTION
### (Conversion)

35. Plaintiffs reallege paragraphs 1-10 above, which are incorporated by reference.

36. In performing the acts described in paragraph 9 above, Schur took and controlled property of WWL and WSG, namely the WWL Marks and WSG Marks, without WWL's or WSG's consent and interfered with WWL's and WSG's right to control such property.

37. Such acts have damaged WWL and WSG in various respects, including without limitation loss of business, revenues and goodwill.

38. If Schur continues to act in the manner described in paragraph 36 above, WWL and WSG will be irreparably harmed and will be harmed in a manner such that it cannot be fully compensated by an award of damages.

**WHEREFORE,** Plaintiffs demand the following:

A. On their First Cause of Action, judgment in their favor and against defendant Schur for actual or statutory damages in an amount to be determined at trial of this action together with judgment enjoining Schur from making any use of the WSG Marks and the WWL Marks without plaintiffs' permission.

B. On their Second Cause of Action, judgment in their favor and against defendant Schur for actual or statutory damages in an amount to be determined at trial of this action together with judgment enjoining Schur from making any use of the WSG Marks and the WWL Marks without plaintiffs' permission.

C. On their Third Cause of Action, judgment enjoining Schur from making any use of the WSG Marks and the WWL Marks without plaintiffs' permission together with actual reasonable attorneys' fees and costs, all pursuant to Fla. Stats. §§ 501.204, 501.2105 and 501.211.

D. On their Fourth Cause of Action, judgment in their favor and against defendant Schur for damages in an amount to be determined at trial of this action together with judgment enjoining Schur from making any use of the WSG Marks and the WWL Marks without plaintiffs' permission.

E. On their Fifth Cause of Action, judgment enjoining Schur from importing any products imprinted with or otherwise associated with the WSG Marks and the WWL Marks and from making any use of the WSG Marks and the WWL Marks without plaintiffs' permission.

F. On their Sixth Cause of Action, judgment enjoining Schur from importing any products imprinted with or otherwise associated with the WSG Marks and the WWL Marks and from making any use of the WSG Marks and the WWL Marks without plaintiffs' permission.

G. On their Seventh Cause of Action, judgment in their favor and against defendant Schur for damages in an amount to be determined at trial of this action together with judgment enjoining Schur from making any use of the WSG Marks and the WWL Marks without plaintiffs' permission.

H. Judgment for their taxable costs.

I.  Such other relief as the Court shall deem just and equitable.

**PLAINTIFFS DEMAND TRIAL BY A JURY
OF ALL ISSUES SO TRIABLE IN THIS ACTION.**

Dated:  October 6, 2004.

        s/William C. Guerrant, Jr.
        William C. Guerrant, Jr.
        Florida Bar No. 516058
        Attorneys for Plaintiffs
        HILL, WARD & HENDERSON, P.A.
        Suite 3700 – Bank of America Building
        101 East Kennedy Boulevard
        Post Office Box 2231
        Tampa, Florida 33601
        Telephone: (813) 221-3900
        Facsimile: (813) 221-2900
        E-mail:  wguerrant@hwhlaw.com

        - AND -

Jon P. Axelrod
Joseph A. Ranney
DEWITT ROSS & STEVENS S.C.
Two East Mifflin Street, Suite 600
Madison, WI  53703-2865
Telephone:  (608) 255-8891
Facsimile:  (608) 252-9243
E-mail:  jpa@dewittross.com